UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,
and
FORD GLOBAL TECHNOLOGIES, LLC

Plaintiffs,

v.

THERMOANALYTICS, INC.,

Defendant.
_____/

Case No. 14-cv-13992

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT [19],
DENYING DEFENDANT'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY [24]
AS MOOT, AND ISSUING FIRST AMENDED SCHEDULING ORDER

I. INTRODUCTION

Ford Motor Company and Ford Global Technologies, LLC (collectively "Plaintiffs" or "Ford") initiated this action against Thermoanalytics, Inc. ("Defendant" or "Thermoanalytics") on October 16, 2014. *See* Dkt. No. 1. In the original complaint, Ford states that this action is "for false designation of origin or sponsorship pursuant to 15 U.S.C. § 1125(a), [] cancellation of federal trademark registration (no. 2,695,172) for RADTHERM pursuant 15 U.S.C. §§ 1064 and 1119, and for related claims relating to the rights of the parties under [a] License Agreement." *Id.*

Presently before the Court is Ford's Motion for Leave to Amend the Complaint [19]. The Motion is fully briefed. However, Thermoanalytics has filed an *Ex Parte* Motion for Leave to File Sur-Reply [19] because it contends that Ford's Reply brief exceeds the Court's length limit. After reviewing the arguments in both pending Motions, the Court will **GRANT** Ford's Motion for Leave to Amend the Complaint [19], because the Motion for Leave to Amend was filed per

the terms of this Court's scheduling Order. The Court will **DENY** Thermoanalytics' *Ex Parte* Motion for Leave to File Sur-Reply [19] as moot. In order to quell concerns about prejudice to Thermoanalytics, the Court will amend the Scheduling Order.

## II. DISCUSSION

Thermoanalytics contends that amendment at this late date would cause significant prejudice. *See* Dkt. No. 22 at 2. Moreover, Thermoanalystics argues that amendment in this case would be futile. *See id.* at 3. However, Thermoanalytics ignores the fact that Rule 15 of the Federal Rules of Civil Procedure indicates that "a party may amend its pleading only with the opposing party's written consent *or the court's leave*." FED. R. CIV. P. 15(a)(2) (emphasis added). Ford did not need to file a Motion for Leave to Amend the Complaint because the Court already permitted such leave in its Scheduling Order. *See* Dkt. No. 14. Indeed, in the Scheduling Order, this Court indicated that the final date to amend pleadings or join parties was June 25, 2015. *See id.* Ford filed this Motion on June 25, 2015. Because the Motion for Leave was filed pursuant to the Scheduling Order, the Court will **GRANT** the Motion for Leave to Amend the Complaint [19].

Because the Court is granting Ford's Motion on these grounds, the Court will **DENY** Thermoanalytics' *Ex Parte* Motion for Leave to File Sur-Reply [19] as moot. The Court will extend additional time to prevent prejudice due to the time it took to respond to this dispute. Additionally, Thermoanalytics is correct in pointing out that the motions and supporting briefs submitted by Ford are impermissibly small pursuant to the Court's Local Rules. The Local Rules require that "the type size of all text and footnotes must be no smaller than . . . 14 point (proportional)." E.D. Mich. LR 5.1(a)(3). Although the Court is unable to discern exactly what font size Ford used in submitting its brief, it is unquestionably smaller than 14 point. The

majority of Ford's brief appears to be formatted in 11–point font. Accordingly, Ford is hereby cautioned that failure to abide by the Local Rules in the future may result in any improper documents being struck from the record or the imposition of sanctions against counsel.

## IV. CONCLUSION

For the reasons discussed, the Court **HEREBY GRANTS** Plaintiffs' Motion for Leave to Amend the Complaint [19]. Defendant's *Ex Parte* Motion for Leave to File Sur-Reply [19] is **HEREBY DENIED** as moot. In order to quell any concerns of prejudice to Defendant, the Court will grant additional time for discovery in this case. Accordingly, **IT IS HEREBY ORDERED** that the following dates will govern this case:

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Discovery Cutoff: [1] | December 15, 2015 |
| Date for Exchanging Reports of Expert Witnesses: | February 15, 2016 |
| Date for Supplementations Under Rule 26(e): | February 15, 2016 |
| Dispositive Motion Cutoff: | March 15, 2016 |
| Case Evaluation:[2] | June of 2016 |
| Settlement Conference before Magistrate Judge R. Steven Whalen: | July of 2016 |
| Motions *in Limine* due: | July 14, 2016 |
| Final Pretrial Order due: | August 4, 2016 |
| Final Pretrial Conference: | August 11, 2016 at 10:00 a.m. |
| Trial Date: | August 30, 2016 at 9:00 a.m. |
| Bench Trial | |
| Estimated Length of Trial: 10 half days | |

---

[1] Per the agreement of the Parties, the maximum number of interrogatories and requests for admission "served by each party to another party shall be limited to 20, and answers shall be due within 30 days of being served." Dkt. No. 13 at 2. Additionally, each party may conduct a maximum of ten (10) depositions, which shall not exceed seven (7) hours in length. *Id.*

[2] The parties may submit the case to facilitation in lieu of case evaluation. A proposed stipulated order referring case to facilitation shall be submitted to the Court via the utilities function on CM/ECF no later than February 29, 201. The proposed order must identify the facilitator and the date set for facilitation. Facilitation must occur no later than June 30, 2016.

I.      **TIME**.  Computation of time under this order and under any notice of any scheduling order or notice in this case shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II.     **DISCOVERY**.  Discovery <u>shall be completed on or before</u> the date set forth in the scheduling order.  The court will not order discovery to take place subsequent to the discovery cutoff date.  The discovery deadline may be extended by filing a stipulation with the court only if the extension of time does not affect the dispositive motion cut-off, final pretrial conference or trial dates.  Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion for good cause shown. Local Rule 26.2 generally prohibits filing discovery materials with the Clerk.  Violation of this rule may result in sanctions.

III.    **FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**.  The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by this order.  All witnesses must be listed in the Final Pretrial Order.  Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court.   Counsel shall follow the procedure outlined below to prepare for the final pretrial conference and the Final Pretrial Order:

   A.     Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of opposing counsel to respond to plaintiff's counsel and to offer full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be his or her duty to communicate with the court.  The Final Pretrial Order shall fulfill the parties' disclosure obligations under Federal Rule of Civil Procedure 26(a)(3), unless the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order. <u>Counsel for plaintiff</u> shall prepare a draft Final Pretrial Order and submit it to opposing counsel, after which all counsel will jointly submit the proposed order. The Final Pretrial Order should provide for the signature of the court, which, when signed, will become an Order of the court.  The proposed Final Pretrial Order <u>shall strictly comply with the requirements of Local Rule 16.2</u>.

   **\* Pursuant to Local Rule 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.**

   B.     The following persons shall personally attend the final pretrial conference:

      1)  Trial counsel for each party;
      2)  All parties who are natural persons;
      3)  A representative on behalf of any other party;

-4-

4) A representative of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess full authority to engage in settlement discussions and to agree upon a full and final settlement. "Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

IV.   At least ONE WEEK prior to the beginning of trial, counsel shall furnish to the court the following:

A.   In jury cases, any requests for VOIR DIRE, proposed JOINT JURY INSTRUCTIONS and the VERDICT FORM.   The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form.   The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). Additionally, each party shall separately file any additional proposed instructions to which any other party objects.   The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

B.   In a non-jury case, proposed FINDINGS OF FACT and CONCLUSIONS OF LAW.

C.   A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

V.   **EXHIBITS**.  Counsel are required to mark all proposed exhibits in advance of trial. Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.   A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial.  See attached exhibit form.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection.

VI.   **JUDGE'S COPIES.**  A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and proposed Joint Jury Instructions (with disc) MUST be delivered directly to the Judge's chambers and labeled Judge's copy.

VII.   The court will not allow counsel not admitted in the Eastern District to practice upon a special motion.  All inquiries regarding admission to this district must be directed to the Clerk's office at (313) 234-5005.

VIII.   **LOCAL COUNSEL**.   An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district.  Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f).

SO ORDERED.

Dated: August 14, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

---

CERTIFICATE OF SERVICE

Copies of this Order were served
upon attorneys of record on
August 14, 2015, by electronic mail.

/s/ Tanya Bankston
Deputy Clerk

---

HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE
231 W. LAFAYETTE #1013
DETROIT, MI 48226

PHONE: (313) 234-5215      FAX: (313) 234-5219
CASE MANAGER:            Tanya Bankston

| | |
|---|---|
| CONFERENCES | Scheduling conferences held after answer filed and scheduling order issued.  Status conference held as needed or requested.  Settlement conference before Magistrate Judge assigned to the case required. |
| MOTIONS | Hearings held on most motions.  Proposed orders shall be attached to the motion, as well as submitted through the document utilities function of the CM/ECF.  Strict compliance required with Local Rules 7.1 and 65.1. |
| DISCOVERY | Discovery shall be completed on or before the date set forth in the scheduling order. |
| MEDIATION | Civil cases referred after discovery cut-off and parties are encouraged to stipulate in writing to be bound by mediation sanctions.  It is not necessary, however, that sanctions be included in the stipulation. |
| PRETRIAL | Final Pretrial Order generally due one week before final pretrial conference.  Witnesses may only be added to the final pretrial order by stipulation of the parties and leave of court.  Final pretrial conference usually held two weeks prior to trial, parties and/or persons with settlement authority must be present. |
| TRIAL | Attorneys are responsible to ascertain the status of the trial date.  Marked exhibits are to be exchanged three (3) days prior to trial.  Benchbook of exhibits is required.  If trial briefs are required by the court, they must be filed one (1) week prior to trial.  File motions *in limine* no later than four (4) weeks prior to the final pretrial conference.  Trial is usually held 9:00 a.m. to 4:00 p.m. daily. |
| NON-JURY | Submit proposed findings of fact/conclusions of law, one (1) week prior to trial. |
| JURY | Voir dire by court.  Submit proposed voir dire one (1) week prior to trial. Proposed joint jury instructions and verdict form due one (1) week prior to trial.  Judge's courtesy copy and disc required. |

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |