UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, a Delaware
corporation, and FORD GLOBAL TECHNOLOGIES
LLC, a Delaware Limited Liability Company,

Plaintiffs,

v.

THERMOANALYTICS, INC., a Michigan
corporation,

Defendant.

_____/

Case No. 14-cv-13992

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING
DEFENDANT'S REQUEST FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) [48]**

**I. INTRODUCTION**

Ford Motor Company and Ford Global Technologies, LLC (collectively, "Plaintiffs"),

commenced this action on October 16, 2014 against ThermoAnalytics, Inc. ("Defendant"). *See*

Dkt. No. 1. On October 28, 2015, this Court granted Plaintiffs' Motion for Partial Summary

Judgment. *See* Dkt. No. 47.

Presently before the Court is Defendant's Motion for Reconsideration of the Court's

Opinion and Order or, in the alternative, for certification pursuant to 28 U.S.C. § 1292(b). *See*

Dkt. No. 48. For the reasons discussed below, Defendant's Motion for Reconsideration is

**DENIED**, and Defendant's request for certification pursuant to 28 U.S.C. § 1292(b) is **DENIED.**

**II. BACKGROUND**

In October of 2014, Plaintiffs filed the instant action alleging, *inter alia*, false designation

of origin as well as breach of contract. In July of 2015, Plaintiffs filed a motion for Partial

Summary Judgment on the breach of contract and false designation of origin claims. *See* Dkt. No. 25. Plaintiffs argued that under the terms of a License Agreement ("the Agreement") between the parties, Plaintiffs were entitled to copyrights to the software code of a program, RadTherm, and damages for trademark infringement. Defendant argued in response that the source code sought by Plaintiffs was not covered under the Agreement, and further that Plaintiffs rights to the trademark never existed, or in the alternative, had been terminated. *See* Dkt. No. 33 at 13, 22 (Pg. ID No. 617, 626).

The Court ultimately granted partial summary judgment, finding that Defendant had infringed on the trademark, that Plaintiffs did have rights to the source code ("Disputed Software" or "New Software"), and that Defendant had breached the contract by failing to give the source code to Plaintiffs. *See* Dkt. No. 47.

### III. LAW AND ANALYSIS

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

#### A.  Breach of Contract

Defendant advances three arguments in its motion for the Court to reconsider the claim for breach of contract. The Defendant first argues that the Court imposed an unreasonable

interpretation on the relevant language of the Agreement.  Next, Defendant argues that under the Court's interpretation of the Agreement, the Defendant would not be liable for breach of contract. Finally, the Defendant argues the breach of contract claim is barred by the statute of limitations.

> ### a. Defendant's First Argument: The Court has Imposed an Unreasonable Interpretation on the Relevant Language from the Agreement

Defendant first argues that the Court has committed a palpable error by ascribing an "unreasonable" interpretation of the License Agreement. Dkt. No. 48 at 12 (Pg. ID No. 962). But, in reality, the argument boils down to a disagreement with the Court's interpretation of the language of the Agreement. Defendant has not pointed to an "obvious, clear, unmistakable, manifest, or plain" defect in the Opinion. Therefore, the motion will not be granted on this point.

Defendant then goes on to argue that the Disputed Software "was not created under the Agreement but, instead, under contracts with the U.S. Army without any reference to Ford." *Id.* at 15 (Pg. ID No. 965). The Court heard this exact argument before. *See* Dkt. No. 33 at 15 ("As previously explained, the New Software was not based on the Old Software but rather developed independently."). That argument was rejected then, it will not be considered now.

> ### b. Defendant's Second Argument: Under the Court's Interpretation of The Agreement, The Disputed Software is Not a Joint Work

Defendant next, albeit curiously, argues that the Court came to an incorrect result under the Court's interpretation of the Agreement. The Defendant argues that the Court's interpretation should be limited to "any brochures, web pages, manuals, and the like that TAI created to be used with the Old Software. . ." Dkt. No. 48 at 17 (Pg. ID No. 967). The Defendant goes on to explain why, under the Court's interpretation of the Agreement, that the Court is wrong.

None of the reasons proffered by Defendant on this issue point to a palpable defect in the Court's reasoning. Once again, Defendant merely demonstrates that the Defendant disagrees with the outcome of the claim and rehashes some old arguments. As such, the argument fails.

### c. Defendant's Third Argument: Plaintiffs Lost Any Rights in the Disputed Software By Failing to Bring Suit Within The Limitations Period

Defendant argues that Plaintiffs were "undeniably on notice that TAI considered itself to be the sole owner of the copyright in the New Software," but nevertheless "failed to bring suit to enforce its supposed joint copyright in the New Software for seven more years." Dkt. No. 48 at 22–23 (Pg. ID No. 972–73). Defendant argues that the delay prevents the Plaintiffs from bringing an action to enforce copyright rights.

The statute of limitations period for a claim under the Copyright Act is three years. 17 U.S.C. § 507(b).[1] The claim accrues "when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011).

Defendant points to an email response to Plaintiffs' request for source code from 2007, specifically, the statement that "[Defendant] derived a new RadTherm solver from MuSES with the only thing being retained was the name RadTherm," put the Plaintiffs on notice of the copyright issue. *Id.* The email was dated Tuesday, October 2, 2007, placing it outside of the temporal limits of the limitations period. The lone issue is notice.

However, the referenced emails were not related to nor did they express ownership of the source code copyrights. *See* Dkt. No. 33 (Exhibit 4). If anything, it brought attention to a potential *trademark* issue as opposed to a copyright issue. *Id.* ("One solution to the source code issue would be to . . . continue developing and licensing the MuSES derivative software under a *new brand name*."). As Plaintiffs point out, "TAI continued to pay royalties to Ford, TAI

---

[1] Both parties seem to be in agreement that this is the controlling limitations period.

continued to include Ford in the copyright notices displayed on the RadTherm Software, TAI continued to deliver object code for Ford's use without charge, and TAI 'ratified and confirmed' all provisions of the License Agreement in 2012." Dkt. No. 50 at 20–21 (Pg. ID No. 1162).

A reasonably diligent Plaintiff would not have been put on notice that Defendant intended to claim exclusive ownership of the copyright to the Disputed Software because of this lone email. Accordingly, this argument fails.

### B. False Designation of Origin

Defendant advances three principle arguments in its motion for the Court to reconsider the claim for false designation of origin. The Defendant first argues that the Court committed a palpable error in concluding that the agreement purported to transfer TAI's trademark rights to Ford. *See* Dkt. No. 48 at 24 (Pg. ID No. 974). Next, Defendant argues that even if the agreement did purport to transfer trademark rights to Plaintiffs, the Court has committed a palpable error in holding that such a transfer is valid in the absence of a transfer of goodwill. *Id.* at 25. Finally, Defendant argues that even if the Agreement did transfer the rights to the RadTherm trademark to Plaintiffs, their 12-year delay in protesting Defendant's trademark registration should have invalidated the claim. *Id.* at 27.

> a. *Defendant's First Argument: The Agreement Did Not Purport to Transfer TAI's Trademark Rights to Ford*

Defendant argues that the language of the Agreement is "notably devoid of anything resembling language of transfer." *Id.* at 24. However, this exact same argument has already been raised by Defendant. *See* Dkt. No. 33 at 25 (Pg. ID No. 629) ("As stated in the Johnson Declaration, TAI never assigned the RadTherm trademark and goodwill to Ford. Section 12, at most, confirms Ford's ownership of its then-existing intellectual property rights."). The Court

-5-

addressed this argument, and rejected it. *See* Dkt. No. 47 at 7–8 (Pg. ID No. 942–43). Defendant does not point to any obvious or clear defect that misled the Court originally, the argument merely disagrees with the way that the Court has interpreted the Agreement. Accordingly, this argument will not be considered again.

###### b. *Defendant's Second Argument: The Agreement Did Not Validly Transfer Any Trademark Rights Because It Failed to Transfer Goodwill*

Defendant next argues that "[b]ecause the Agreement does not even purport to involve goodwill, no trademark transfer can possibly occurred." Dkt. No. 48 at 25 (Pg. ID No. 975). Once again, this exact argument has already been made. *See* Dkt. No. 33 at 26 (Pg. ID No. 630) ("In fact, even if the Agreement had purported to transfer TAI's rights in the RadTherm trademark to Ford, such a transfer would have been invalid."). The Court addressed this argument. *See* Dkt. No. 47 at 8–9 (Pg. ID No. 943–44) ("However, while goodwill may not be explicitly spelled out within the terms of the Agreement, it is certainly captured impliedly by the broad property grant of Section 8."). The Court will not consider it again.

###### c. *Defendant's Third Argument: Ford's 12-Year-Delay In Protesting TAI's Trademark Registration Invalidates Ford's Current Claims*

Defendant's final argument with regard to the trademark states that "even if the trademark rights and goodwill had somehow been transferred from TAI to Ford by the Agreement in 1998, the Order does not address the effect of TAI's registration of the RadTherm trademark in 2002." Dkt. No. 48 at 27 (Pg. ID No. 977). Further, Defendant argues that Ford did not retain any quality control over the software quality under the Agreement, and thus "the mark is deemed abandoned due to the 'naked licensing.' " *Id.* (citing *Yellowbook v. Brandeberry*, 708 F.3d 837, 846 (6th Cir. 2013)).

The Court can sum up the effect of Defendant's registration of the trademark on Plaintiff's rights in one word: none. "A licensee's use inures to the benefit of the licensor-owner of the mark and the licensee acquires no ownership rights in the mark itself." 3 McCarthy on Trademarks and Unfair Competition § 18:52 (4th ed.). Defendant points to no law that concludes that registration of a trademark by a licensee would cut off the owner's rights. Therefore, Defendant has failed to point to a palpable defect in this respect.

Regarding Ford's purported abandonment of the mark, this was not an argument raised on the initial motion. The Court refuses to consider the argument, as it does not point to a palpable defect in the opinion. *See Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. 2001) ("It is well established . . . that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in its control prior to the original entry of judgment.") (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989)).

Accordingly, the Defendant has failed to point to a palpable defect in the Court's opinion with regard to the claim of false designation of origin.

## C. Liability to Ford Motor Company

Defendant next argues that the Opinion improperly granted Summary Judgment to Ford Motor Company because all of the claims are "based on the Agreement, to which only TAI and FGTL are parties." Dkt. No. 48 at 29 (Pg. ID No. 979). Defendant further argues that "even if TAI were liable for the wrongdoing alleged, it would be liable only to FGTL and not to FMC." Dkt. No. 48 at 29 (Pg. ID No. 979).

Even if the judgment were limited to FGTL, it wouldn't result in a different disposition of the case. As Plaintiffs correctly point out, Ford and FGTL can only recover once from TAI on

any judgment that results from this case. Dkt. No. 50 at 25 (Pg. ID No. 1166). The argument fails.

### D. Interlocutory Appeal

Defendant, in the alternative, moves for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 48 at 29 (Pg. ID No. 980).

A party seeking interlocutory appeal must demonstrate that "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also* 28 U.S.C. § 1292(b). Review under § 1292(b) is granted "sparingly and only in exceptional cases." *Id.* (citing *Kraus v. Bd. Of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)). "It is to be used only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus*, 364. F.2d at 922.

Defendant has not demonstrated that an interlocutory appeal would materially advance the litigation. Defendant argues essentially to have the appeal now would save time as opposed to waiting to the final resolution of the case. Dkt. No. 48 at 31 (Pg. ID No. 981) ("Achieving a final appellate decision on these issues now would greatly speed up the process and very likely encourage the Parties to negotiate on the remaining claims afterward.). This argument is not persuasive. There is nothing stopping the parties from negotiating the remaining claims *right now*. The parties could resolve the issues then file a stipulation and order of dismissal of those claims, resolving all issues and allowing Defendant to appeal as of right. Furthermore, allowing an interlocutory appeal would be just as likely to prolong the litigation, as many months would

be required before the case would be reached for argument, and depending on what happens over the course of litigation, could lead to more issues. Instead it would be best to allow the Sixth Circuit to confront all of these issues in "a unified package." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986).

Moreover, Defendant has not demonstrated there is substantial ground for difference of opinion. Defendant argues that because "the Court, Ford, and TAI have come to three different conclusions on many of these issues," that this element has been met. Dkt. No. 48 at 30 (Pg. ID No. 980). This argument is insufficient.

A substantial ground for difference of opinion exists where "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citations omitted). Defendant is correct that there is disagreement on the outcome of the case. This is a common phenomenon in litigation. Whether the Plaintiff, Defendant, or the Court agree on the outcome of the case is not relevant to the finding of a substantial ground for difference of opinion.

Accordingly, the certification for interlocutory appeal will be denied.

## IV. CONCLUSION

For the reasons discussed above, the Motion for Reconsideration is **DENIED**, and the request for certification pursuant to 28 U.S.C. § 1292(b) is also **DENIED**.

IT IS SO ORDERED.

Dated: February 2, 2016                                          /s/Gershwin A Drain
Detroit, MI                                                      HON. GERSHWIN A. DRAIN

United States District Court Judge